## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STUART H. SAKWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-04546 |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | Judge Sharon Johnson Coleman |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Stuart H. Sakwa ("Sakwa"), brought this action against Defendant, Hartford Life and Accident Insurance Company ("Hartford"), challenging Hartford's methodology for calculating his monthly long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1132(e)(1) and (f). Before the Court is Hartford's Motion to Dismiss, [15] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Hartford's Motion.

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Sakwa's Complaint, (Dkt. 1), and are assumed true for purposes of resolving this Motion. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

### A. The Plan and Sakwa's Disability

Plaintiff was an equity partner at the law firm Arnstein & Lehr LLP (now d/b/a Saul Ewing LLP). As a benefit of his employment, Sakwa was covered under a group long-term disability insurance policy ("LTD"), Policy No. GLT-872122, and a group life and accidental death and

dismemberment policy ("ADD"), Policy No. GL-872122 (collectively, the "Policies"). Both Policies were underwritten and administered by Hartford.

Effective January 9, 2013, Sakwa became "disabled" within the meaning of the LTD Policy due to a progressively worsening medical condition.[1] Though unable to work full-time, he continued working in a reduced capacity with substantially diminished earnings. Because of his reduced capacity, Hartford approved Sakwa's claim for long-term disability benefits and disbursed those benefits beginning on April 9, 2013, Hartford has continued paying monthly benefits through the time of this Order.

### B. The Benefit Calculation Methodology

The monthly LTD benefit is calculated using two variables: Sakwa's Pre-Disability Earnings ("PDE")—his average monthly compensation before disability—and his Current Monthly Earnings ("CME")—his part-time income while disabled. The LTD benefit equals 60% of the difference between the two variables. The Policy's definition of "earnings" excludes contributions made to 401(k) and Keogh retirement plans. Despite this prescribed methodology, from 2013 through mid-2018, Hartford calculated both PDE and CME using a methodology that included Sakwa's 401(k) and Keogh retirement plan contributions as part of his "earnings," which increased both figures. In fact, between June 2013 and July 2018, Hartford paid Sakwa's benefits, inclusive of the retirement contributions. Throughout 2013 and 2014, Hartford and Sakwa had numerous conversations and written exchanges discussing how Sakwa's CME would be calculated. Hartford memorialized both parties' their shared understanding that Sakwa's pay would be inclusive of retirement benefits in letters dated February 21, 2014, and July 3, 2014. During these communications, Sakwa was never advised that those contributions might be excluded.

---

[1] At the time of this Order, the Court is not aware from the record of the specific nature of Sakwa's disabling medical condition.

### C. Hartford's 2018 Reversal and Sakwa's January 2019 Appeal

Despite this memorialized agreement, in July 2018, Hartford reversed course. Without prior notice, it asserted that Sakwa had been overpaid Monthly Benefits for tax year 2016, claiming for the first time that his CME should have been calculated without including his 401(k) contributions. Hartford initially declined to disclose the basis for this change. Critically, while Hartford revised its CME methodology retroactively to claim an overpayment, it simultaneously continued calculating Sakwa's ongoing Monthly Benefits using the original inclusive methodology, effectively applying different definitions of "earnings" at the same time.

On January 16, 2019, Sakwa filed an administrative appeal of the 2016 overpayment claim, arguing that Hartford's revised CME interpretation contradicted provisions in the insurance plan and the parties' established course of dealing. Hartford responded by extending the overpayment claim to tax year 2017 under the same revised methodology. On March 1, 2019, Hartford's own Appeal Unit, which was responsible for reviewing Sakwa's claims, determined that Hartford's CME calculation for 2016 was "inconsistent with its prior method of calculating CME" and directed the claims office to correct the errors. The claims office never issued a correction or any explanation of how it intended to resolve the inconsistency.

### D. October 11, 2019, Appeal Determination

On July 14, 2019, Sakwa filed a separate appeal of the 2017 overpayment claim, again noting that Hartford had still not corrected the 2016 CME calculation as directed. Hartford's Appeal Unit completed its review and on October 11, 2019, and issued a determination that agreed with Sakwa that the 2016 and 2017 CME calculations were wrong. The Unit also concluded, for the first time, that Hartford had been calculating both PDE and CME incorrectly for six years. It revised both calculations, introducing the same inconsistency Sakwa had been contesting since 2018: simultaneously applying different definitions of "earnings" to each calculation. Hartford issued the

3

determination on the new PDE and CME issues without giving Sakwa any opportunity to respond, submit documentation, or address the Appeal Unit's rationale. Hartford simultaneously declared the decision "final as administrative remedies available under the Policy have been exhausted" and stated that any civil action must be filed by October 11, 2022. Sakwa continued to dispute and challenge the PDE calculation and Hartford's use of different definitions of "earnings" for PDE versus CME.

### E. Sakwa's April 2020 Appeal and Hartford's Refusal

On April 15, 2020, through retained counsel, Sakwa submitted a timely appeal targeting the new PDE and CME issues raised in Hartford's October 11, 2019 determination. The Plan provides that a claimant "must appeal once to the Insurance Company for a full and fair review," and that fiduciaries have a duty to act "prudently and in the interest of" plan participants. (Dkt. 1-1 at *78). On April 22, 2020, Hartford refused to consider the appeal.

### F. The 2021–2022 CPA Review Process

In July 2021, Sakwa filed a further appeal of Hartford's overpayment claim for tax year 2019, again arguing that Hartford was applying inconsistent definitions of "earnings" for PDE and CME in violation of the Policy. Hartford retained a Certified Public Accountant ("CPA") to review the calculations and issued a draft Financial Review in August 2021. Sakwa objected on the grounds that the same CPA's prior interpretation had already been overturned on appeal. At Sakwa's request, a new CPA was appointed.

The replacement CPA issued a revised draft in November 2021 that went well beyond the scope of the 2019 appeal, recalculating CME and Monthly Benefits for all tax years from 2013 to 2019. Sakwa responded in December 2021, citing specific Policy provisions and federal law in support of his interpretation of the Policy terms. An updated CPA Review issued February 11, 2022, conceded certain errors Sakwa identified and revised the PDE and CME figures accordingly, but continued to

apply differing definitions of "earnings" for PDE and CME.  Sakwa responded on March 14, 2022, with further objections and supporting authority.

On April 25, 2022, Hartford declared the review complete and the claim decision final, stating in writing that any civil action must be filed "no later than April 25, 2025," and that "administrative remedies available under the Policy have been exhausted."  (Dkt. 1-6 at *204).

### G.  December 2022 Arithmetic Correction

On December 6, 2022, of its own volition, Hartford issued a corrected benefit determination and paid Sakwa approximately $66,000, acknowledging an underpayment of benefits.  Hartford's letter advised Sakwa of his right to appeal within 180 days.  Sakwa did not file an administrative appeal of the December 6, 2022, recalculation.

Sakwa timely filed the present suit on April 25, 2025, the civil action deadline identified in Hartford's April 2022 letter.  In Count I, Sakwa alleges that Hartford's April 22, 2020, refusal to consider his appeal constituted a breach of ERISA fiduciary duty, seeking equitable relief under 29 U.S.C. § 1132(a)(3).  In Count II, Sakwa challenges Hartford's calculation of his monthly disability benefits and asserts a claim for recalculated benefits due under the Policy pursuant to 29 U.S.C. § 1132(a)(1)(B).

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits.  *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).  When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019).  To survive a motion to dismiss, plaintiff must "state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court may also consider exhibits attached to the complaint and documents central to the plaintiff's claims that are referenced in the pleadings. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). When the allegations of the complaint establish that the applicable statute of limitations has run, the complaint may be dismissed for failure to state a claim. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). A statute of limitations defense is a proper basis for dismissal under Rule 12(b)(6) only when the bar is apparent from the face of the complaint; a complaint need not anticipate or plead around affirmative defenses to survive. *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922 (7th Cir. 2015).

## DISCUSSION

### I. Motion to Dismiss Count I Pursuant to Rule 12(b)(6)

Hartford argues Sakwa's Complaint should be dismissed pursuant to Rule 12(b)(6) on three grounds: (1) ERISA's three-year statutory limitations period; (2) the Plan's contractual three-year limitations period; and (3) preclusion under § 1132(a)(3) because the statute provides an adequate remedy.

### A. Statute of Limitations Analysis

Hartford moves to dismiss Count I as time-barred under ERISA's three-year statutory limitations period for breach of fiduciary duty claims. 29 U.S.C. § 1113. For breach of fiduciary duty claims, ERISA § 1113 requires suit within the earlier of: (1) six years from the last act constituting a part of the breach, or (2) three years from the plaintiff's earliest date of actual knowledge of the breach. 29 U.S.C. § 1113. To trigger the three-year period, the plaintiff must in fact have become aware of the relevant information. *Intel Corp. Inv. Policy Comm. v. Sulyma*, 589 U.S. 178, 187 (2020). Dismissal is proper where it is plain from the complaint that the limitations bar applies. *Logan*, 644 F.3d at 582. A

failure to respond to an argument in opposition to a motion to dismiss constitutes waiver. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Hartford argues that Sakwahad actual knowledge of the alleged breach no later than April 22, 2020—the date Hartford refused to consider his further appeal. Based on that date, the statutory period expired on April 22, 2023, more than two years before Sakwa filed the present action. (Dkt. 21 at *3). Hartford further contends that Sakwa waived any opposition by failing to address this argument in his response brief. (Dkt. 25 at *2–3). Sakwa responds that his claims are timely because Hartford's April 25, 2022 appeal decision set April 25, 2025 as the controlling civil action deadline. (Dkt. 21 at *3).

Actual knowledge requires that a plaintiff must in fact have become aware of the relevant information. *Sulyma*, 589 U.S. at 184. Sakwa alleges in Count I that the breach of fiduciary duty occurred on April 22, 2020, when Hartford refused to consider his April 15, 2020 appeal. (Dkt. 1 at *11). There is therefore no question that Sakwa became aware of the relevant information on that date. Accordingly, the three-year § 1113(2) period expired on April 22, 2023, two years before Sakwa filed his claims. The six-year § 1113(1) period is of no assistance: § 1113 runs to the "earlier of" the two periods. Additionally, Sakwa failed to address Hartford's § 1113 argument in his opposition brief. That failure constitutes waiver. *Alioto*, 651 F.3d at 721. Because the claim is barred by ERISA's limitations period, the Court need not determine if Sakwa's claim is independently barred by the Plan's identical three-year limitations period.

## B. Equitable Relief Claim Under § 1132(a)(3)

Next, the Court addresses whether Count I can survive in equity. Hartford argues the claim must be dismissed as an impermissible repackaging of a benefits claim under § 1132(a)(3). Congress enacted § 1132(a)(3) as ERISA's "catchall" provision, offering equitable relief only as a "safety net" for injuries not adequately remedied by other ERISA provisions. "[E]quitable relief under section

1132(a)(3) is available only when Congress did not provide relief elsewhere." *Griffin v. Teamcare*, 909 F.3d 842, 846 (7th Cir. 2018). The Seventh Circuit has noted, "a denial of benefits, without more, does not constitute a breach of fiduciary duty that can be remedied under the equitable-relief provision; that's what section 1132(a)(1)(B) is for." *Sumpter v. Metro. Life Ins. Co.*, 683 F. App'x 519, 521 (7th Cir. 2017).

Hartford argues that because Count II seeks identical relief, recalculated benefits under § 1132(a)(1)(B), Count I is an impermissible repackaging of a benefits claim as equitable relief. Hartford further points to Sakwa's own concession in his response that both Counts lead to "the same destination" as confirmation that Count I adds nothing that Count II does not already provide. Sakwa responds that Count I is not merely a repackaged benefits claim but rather seeks distinct equitable relief for Hartford's refusal to afford him a full and fair review of the rationale introduced for the first time upon his administrative appeal of Hartford's determination, a breach for which § 1132(a)(1)(B) provides no adequate remedy. *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 195–96 (N.D. Ill. 2020).

Sakwa's equitable relief claim is duplicative of Count I. The procedural injury Sakwa alleges, being denied the opportunity to respond to the new rationale Hartford introduced in its October 2019 appeal determination, is an attempt to circumvent the statute of limitations by artfully pleading a claim that is not genuinely distinct from Count I. The relevant inquiry is not whether Sakwa can actually recover under § 1132(a)(1)(B), but whether an adequate remedy is available under that provision. *Schultz*, 678 F. Supp. 2d at 780. Here, it is. Sakwa's concession that Count I is "another road to the same destination" as Count II confirms that an adequate remedy exists under § 1132(a)(1)(B), foreclosing recourse to the catchall provision as a matter of law. *Varity Corp.*, 516 U.S. at 515; *Griffin*, 909 F.3d at 846. Since Sakwa's claim is time-barred and an adequate remedy was available under statute, Count I is dismissed with prejudice.

## II. Motion to Dismiss Count II Pursuant to Rule 12(b)(6)

Hartford next moves to dismiss Sakwa's claim in Count II for benefits due under the Plan on the ground that Sakwa failed to exhaust his administrative remedies by not appealing Hartford's December 6, 2022 benefit determination within the Plan's 180-day window. (Dkt. 16 at *10–15). Sakwa responds that the December 2022 letter was merely a voluntary arithmetic correction that did not require a formal appeal, and that in any event further appeal would have been futile given the years-long history of unresolved disputes. (Dkt. 21 at *3–5). Hartford replies that the process demonstrably worked, producing an additional $66,000 payment, and that Sakwa cannot meet the Seventh Circuit's demanding standard requiring near-certainty of denial. (Dkt. 25 at *12).

Although ERISA does not expressly mandate exhaustion of administrative remedies, the Seventh Circuit has interpreted the statute as requiring it as a prerequisite to filing suit. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). Courts may excuse exhaustion only where there is a lack of meaningful access to review procedures or where pursuing administrative remedies would be futile. *Moratz v. Reliance Standard Life Ins. Co.*, 152 F.4th 799, 807 (7th Cir. 2025). The futility exception is narrow: a plaintiff must show it is certain that the claim will be denied on appeal. *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 680 (7th Cir. 2002). "When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply." *Id.*

As a threshold matter, Hartford's April 25, 2022 appeal decision establishes that Sakwa had already exhausted his administrative remedies before filing suit. That letter stated:

> "Although the Policy's Legal Actions provision contractually limits the time within which you may file such a civil action to no more than 3 years after the date Proof of Loss is required under terms of the Policy, we hereby extend the time for you to file a civil action disputing this adverse benefit decision to no later than April 25, 2025, which is 3 years from the date of this appeal decision. Please be advised that our claim decision is now final as administrative remedies available under the Policy have been exhausted."

9

(Dkt. 1-6 at *1). Hartford's own words confirm that Sakwa fully exhausted his administrative remedies as of April 25, 2022. Hartford cannot represent to a claimant that his administrative remedies have been exhausted, then argue in litigation that the claimant failed to exhaust those remedies. The December 2022 determination does not change this analysis because it was not a substantive resolution of the underlying dispute, but instead a "correction" of an arithmetic error that Hartford itself identified without reopening the administrative process.

Even assuming that the December 6, 2022, letter constituted a new "final decision" requiring a separate appeal, Sakwa was not required to file that appeal because doing so would have been futile. A further appeal of the December 2022 determination, after Sakwa had already completed the appeal process on the same issues in April of that year, would have asked Hartford to resolve the same PDE–CME inconsistency it declined to resolve over nine years. It is sufficiently certain that such an appeal would have been denied or gone unaddressed. *See Zhou*, 295 F.3d at 679–80. Therefore, Hartford's motion to dismiss Count II for failure to exhaust is denied.

**CONCLUSION**

For the foregoing reasons, the Court grants Hartford's Motion to Dismiss Sakwa's breach of fiduciary duty claim (Count I) with prejudice and denies Hartford's Motion to Dismiss Sakwa's claim for benefits due under the terms of the Plan (Count II).

**IT IS SO ORDERED.**

Date: 3/25/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

10